**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES FISHER,

    Plaintiff,

vs.                                    CASE NO.  3:05-cv-082-J-25TEM

Officer Danzen and
Jacksonville Sheriff's Office,

    Defendants.

_____

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Complaint (Doc. #1) and Plaintiff's Affidavit of Indigency (Doc. #2), which the Court construed as a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1).

Upon initial review of these documents, the Court noted several deficiencies, which it then afforded Plaintiff an opportunity to correct by the close of business on June 15, 2005. *See* Doc. #8, Court Order. Plaintiff has not yet amended his complaint as directed. Accordingly, the matter is now ripe for the Court's review.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary (*Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who are truly

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, 1985 WL 1613, *1 (N.D. Ill. May 28, 1985). Plaintiff filed an affidavit which tends to indicate Plaintiff would qualify for *in forma pauperis* status in a proper federal action.

When an application to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action, sua sponte, if it is frivolous or malicious. *See id.* A suit is frivolous where it "lacks an arguable basis either in law or in fact." *Id.* at 325.

Here, Plaintiff's complaint does not state a cause of action cognizable in federal court. In this case, Plaintiff alleges Defendant Officer Danzen has committed some harm against him which is protected under the United States Constitution. Doc. #1. Factually, however, Plaintiff alleges that Defendant Danzen failed assist Plaintiff after responding to a 911 call for domestic violence because of Plaintiff's homosexual orientation. *Id.* No other facts are provided that would aid the Court. Plaintiff has failed to state a valid claim upon which relief might be granted. Plaintiff has failed to allege facts in the complaint sufficient to establish a prima facie case for the alleged violations. Because the courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), in an abundance of caution, the Court provided

Plaintiff an opportunity to amend his complaint.  The Court provided Plaintiff with specific directions concerning a properly amended complaint.  Plaintiff has failed to file an amended complaint as directed by the Court.

A suit if frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing the complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).  However, liberal construction cannot serve as a substitute for establishing a cause of action.  *See GJR Investments, Inc. v. County of Escambia Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The Court finds Plaintiff's original complaint to be frivolous on its face and therefore **recommends Plaintiff's request to proceed *in forma pauperis*, contained in the Affidavit of Indigency (Doc. #2, Request) be DENIED and this action be DISMISSED without prejudice** to Plaintiff refiling a properly amended, paid complaint.

**DONE AND ENTERED** at Jacksonville, Florida this 16th day of June, 2005.

Copies to:
The Hon. Henry Lee Adams, Jr.
*Pro Se* Plaintiff
Counsel of Record

*/s/ Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge